IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| BREEZE AVIATION GROUP, INC. d/b/a Breeze Airways, | ) | Civil Action No. 2:26-cv-01210-BHH |
| | ) | |
| Plaintiff-Counterdefendant, | ) | **DEFENDANT ALL NIPPON** |
| | ) | **AIRWAYS CO., LTD.'S ANSWERS TO** |
| -against- | ) | **LOCAL RULE 26.01** |
| | ) | **INTERROGATORIES** |
| ALL NIPPON AIRWAYS CO., LTD, | ) | |
| | ) | |
| Defendant-Counterclaimant. | ) | |
| | ) | |

| | |
|---|---|
| ALL NIPPON AIRWAYS CO., LTD, | ) |
| | ) |
| Third-Party Plaintiff, | ) |
| | ) |
| -against- | ) |
| | ) |
| | ) |
| UNIFI AVIATION, LLC., | ) |
| | ) |
| Third-Party Defendant. | ) |
| | ): |

Defendant-Counterclaimant and Third-Party Plaintiff ALL NIPPON AIRWAYS CO., LTD. (hereinafter "ANA"), by and through its attorneys, Condon & Forsyth LLP and Deborah B. Barbier, LLC, answer the Local Rule 26.01 Interrogatories as follows:

(A)     State the full name, address, and telephone number of all persons or legal entities who may have a subrogation interest in each claim and state the basis and extent of that interest.

**Answer:** None.

(B)     As to each claim, state whether it should be tried jury or nonjury and why.

**Answer:** ANA is not seeking a jury trial.

(C)     State whether the party submitting these responses is a publicly owned company

1

and separately identify (1) any parent corporation and any publicly held corporation owning ten percent (10%) or more of the party's stock; (2) each publicly owned company of which it is a parent; and (3) each publicly owned company in which the party owns ten percent (10%) or more of the outstanding shares.

**Answer:** ANA is a privately held corporation. Its parent company is ANA Holdings Inc., which is a publicly held corporation. ANA is not a parent of any publicly owned company and it does not own 10% or more stock in any publicly owned company.

(D)     State the basis for asserting the claim in the division in which it was filed (or the basis of any challenge to the appropriateness of the division). *See* Local Civ. Rule 3.01 (D.S.C.).

**Answer:** As a defendant, ANA does not challenge the appropriateness of the division in which this action is filed. As a counterclaimant and third-party plaintiff, ANA asserts that its claims are appropriately heard in the Charleston Division because the incident that gives rise to the Counterclaims and Third-Party Claims occurred at the Charleston International Airport in Charleston, South Carolina.

(E)     Is this action related in whole or in part to any other matter filed in this district, whether civil or criminal? If so, provide (1) a short caption and the full case number of the related action; (2) an explanation of how the matters are related; and (3) a statement of the status of the related action. Counsel should disclose any cases that may be related regardless of whether they are still pending. Whether cases are related such that they should be assigned to a single judge will be determined by the clerk of court based on a determination of whether the cases arise from the same or identical transactions, happenings, or events; involve the identical parties or property; or for any other reason would entail substantial duplication of labor if heard by different judges.

**Answer:** No.

(F)     [*Defendants only.*] If the defendant is improperly identified, give the proper identification and state whether counsel will accept service of an amended summons and pleading reflecting the correct identification.

**Answer:** ANA does not contend it was improperly identified.

(G)     [*Defendants only.*] If you contend that some other person or legal entity is, in whole or in part, liable to you or the party asserting a claim against you in this matter, identify such person or entity and describe the basis of their liability.

**Answer:** As set forth in ANA's Answer and Third-Party Complaint, any damages sustained by Breeze Aviation Group, Inc. ("Breeze Airways") were caused by its own negligence or the negligence of Third-Party Defendant Unifi Aviation, LLC ("Unifi") or Third-Party Defendant Charleston Regional Airport Authority ("CRAA").

As set forth in ANA's Counterclaim and Third-Party Complaint, ANA sustained damage to its aircraft exceeding $2,500,000, as a result of the negligence of Breeze Airways, Unifi, and CRAA. Breeze Airways and Unifi improperly positioned a Breeze Airways aircraft at the Charleston International Airport, causing the aircraft to encroach into an active taxiway used by an ANA aircraft. Additionally, CRAA failed to ensure the Breeze Aircraft was parked correctly and failed to adequately supervise and monitor traffic at the airport. As a result, the Breeze Airways aircraft the ANA aircraft collided and sustained damage.

(H)     Parties or Intervenors in a Diversity Case. In an action in which jurisdiction is based on diversity under 28 U.S.C. § 1332(a), a party or intervenor must, unless the court orders otherwise, name – and identify the citizenship of – every individual or entity whose citizenship is attributed to that party or intervenor. This response must be supplemented when any later event occurs that could affect the court's jurisdiction under § 1332(a).

**Answer: 4.**     This Court has jurisdiction over ANA's third-party claims under 28 U.S.C. § 1367(a) because they are so related to Plaintiff's claims that they form a part of the same case or controversy.

Because ANA has pled, in the alternative, that this Court has jurisdiction over ANA's third-party claims pursuant to 28 U.S.C. § 1332(a), ANA submits that the citizenship of the parties to the Third-Party Complaint is as follows:

1.  ANA is a Japanese corporation with a principal place of business in Tokyo, Japan.

2.  Unifi is a limited liability company. Its members are Argenbright Holdings Ltd., which is incorporated and has a principal place of business in Atlanta, Georgia; and one or more other organizations that, upon information and belief, are citizens of Delaware and Georgia.

3.  CRAA is is a public entity with its principal place of business in Charleston, South Carolina.

3

Respectfully submitted,

Deborah B. Barbier, LLC

By: /s/ Deborah B. Barbier

Deborah B. Barbier
1811 Pickens Street
Columbia, South Carolina 29201
Tel: (803) 730-6290
Email:dbb@deborahbarbier.com

- and -

CONDON & FORSYTH LLP
Bartholomew J. Banino, Esq.
(Pro Hac Vice Motion to be submitted)
Marissa N. Lefland, Esq.
(Pro Hac Vice Motion to be submitted)
7 Times Square Tower
New York, New York 10036
Tel: (212) 490-9100
Fax: (212) 370-4453
Email: bbanino@condonlaw.com
        mlefland@condonlaw.com

Attorneys for Defendant-Counterplaintiff and
Third-Party Plaintiff
*ALL NIPPON AIRWAYS CO., LTD.*

Dated: Columbia, SC
       May 1, 2026

4